IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES HOLE,

          Plaintiff,          OPINION AND ORDER

v.

          20-cv-536-wmc

HANNAH UTTER and
SUSAN PETERS,

          Defendants.

*Pro se* plaintiff James Hole is proceeding on Eighth Amendment medical care claims related to his 2019 knee injury. (Dkt. #16.) Hole now moves for an entry of default against defendant Susan Peters, for additional time to respond to defendant Hannah Utter's pending motion to dismiss or transfer venue, and for the court's help recruiting a lawyer to represent him. (Dkt. ##25, 26, 27.) The court will deny Hole's motions for the following reasons.

I. **Motion for Entry of Default (dkt. #26)**

Plaintiff asks for an entry of default against defendant Susan Peters because this defendant has not yet answered the complaint. On July 6, 2022, the court ordered the United States Marshal to locate and serve Peters or obtain a waiver of service. (Dkt. #20.) To date, the court has not received any notice that Peters was served or that service by the Marshal was unsuccessful. Because plaintiff has not shown that Peters was properly served with process and failed to plead or otherwise defend, plaintiff's request for entry of default will be denied.

**II. Request for an Extension of Time (dkt. #27)**

Plaintiff also asks for addition time to respond to Utter's motion to dismiss or transfer venue because plaintiff will soon have surgery on his right arm. The motion will be denied as premature. Briefing has not yet been set on Utter's motion because the court is waiting for Peters to be served and for an attorney to enter an appearance on Peters' behalf and provide information about where Peters lives. Once briefing is set and plaintiff learns what his response deadline is, he can renew his request for more time if necessary.

**III. Motion for Court Assistance in Recruiting Counsel (dkt. #25)**

Plaintiff's motion for court assistance in recruiting counsel to represent him requires more discussion. As a starting point, the court receives over 200 new *pro se* lawsuits every calendar year, but only 15 to 20 attorneys are willing to take such cases and they do not each take even one every year. Although the court would find a volunteer attorney for every *pro se* litigant if enough lawyers were available, the court is forced to marshal this scarce resource.

*Pro se* litigants do not have a right to counsel in civil cases, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to help *pro se* litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). Specifically, plaintiff must show that he is unable to afford counsel, that he has made reasonable efforts on his own to find a lawyer to represent him, and that the legal and factual difficulty of the case exceeds his ability to prosecute it. *See Pruitt*, 503 F.3d at 654-55. Plaintiff is proceeding *in forma*

*pauperis* in this case.  (Dkt. #3.)  Plaintiff has also satisfied the second requirement by submitting letters from lawyers who declined to represent him.  (Dkt. ##25-1, 25-2.)

However, the court is not persuaded by plaintiff's arguments that he cannot litigate his own case.  Plaintiff states that:  (1) he has a limited knowledge of the law; (2) he is allowed only limited law library time; (3) he will soon be having surgery; (4) this case presents complex issues; and (5) trial will likely involve conflicting testimony.  It is far too early in this lawsuit to tell whether the case will proceed to trial or truly boil down to issues that are too complex for plaintiff to handle; one defendant has not yet answered the complaint.  Moreover, plaintiff's lack of legal training is common among *pro se* litigants, and the court has not seen evidence that he is more limited than the typical *pro se* litigant.  As for plaintiff's statement that he is allowed only limited law library time, it is not clear what litigation tasks require law library access at this point.  If this case remains in this district, the next step will be for the court to hold a telephonic preliminary pretrial conference once all defendants have answered the complaint at which Magistrate Judge Stephen Crocker will explain the schedule and discuss some of the procedures that the parties will use to litigate the case, including discovery methods available to litigants.  As the case proceeds, plaintiff should attempt to work with defendants' counsel to get the library access he needs to litigate this case.  If those efforts are unsuccessful, plaintiff may ask the court for an extension of a deadline if he needs one.  Plaintiff may also request an extension if his recovery from surgery prevents him from completing a litigation task by a specific deadline.

The court will deny plaintiff's motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable to litigate the case himself as the case proceeds. But if plaintiff refiles his motion, he will have to explain what specific litigation tasks he cannot perform himself.

## ORDER

IT IS ORDERED that:

1) Plaintiff James Hole's request for an entry of default against defendant Susan Peters (dkt. #26) is DENIED.

2) Plaintiff's request for an extension of time (dkt. #27) is DENIED.

3) Plaintiff's motion for court assistance with recruitment of counsel (dkt. #25) is DENIED without prejudice.

Entered this 7th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge