IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES HOLE,

                Plaintiff,                      OPINION AND ORDER

v.

                                              20-cv-536-wmc

HANNAH UTTER and
SUSAN PETERS,

                Defendants.

*Pro se* plaintiff James Hole, an inmate at Stanley Correctional Institution, is proceeding on claims that a health services manager and a nurse practitioner failed to provide him with adequate care for a knee injury while he was incarcerated at Green Bay Correctional Institution. (Dkt. #16.) Before the court is defendants' motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(3) for improper venue or to transfer it to the Eastern District of Wisconsin under 28 U.S.C. § 1406(a).[1] (Dkt. #22.)

The court will grant the motion and transfer this case. Under 28 U.S.C. §§ 1391(a) and (b), venue is proper in a district court where one or more of the defendants reside (if they are all residents of the same state), or where a substantial part of events giving rise to a lawsuit occurred. Defendants' position is that venue is improper in this district because: (1) both defendants reside in the Eastern District, and resided there when Hole filed his complaint; and (2) all of the relevant events took place in Green Bay, which is located in the Eastern District.

Hole does not dispute that all the relevant events occurred while he was in custody

---

[1] The court will grant defendant Susan Peters' unopposed motion to join Utter's motion. (Dkt. #41.)

at Green Bay, nor does he present facts suggesting that either defendant resides in this district.  He opposes defendants' motion under 28 U.S.C. § 1404(a), noting that he currently resides in this district so it will be less costly to transport him to court here and that the Wisconsin Department of Corrections headquarters is also in this district.  (Dkt. #45 at 7.)  But venue is improper in the Western District, so § 1404(a) does not apply.  *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3844 (4th ed.) ("Transfer is possible under Section 1404(a) only if the transferor court is a proper venue under the applicable venue provisions.").

Instead, the court applies § 1406(a), which provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989) (citation omitted) ("Under § 1406(a), a district court may transfer a case brought in the wrong division or district if it is in the interest of justice to do so.  A district court must dismiss such a suit if it denies the transfer.").  The court concludes that transfer to the district where the events at issue occurred and defendants reside, rather than dismissal, is in the interests of justice.  Accordingly, the court will grant defendants' motion to transfer this case.

ORDER

IT IS ORDERED that:

1) Defendant Susan Peters' motion to join defendant Hannah Utter's motion to dismiss or transfer venue (dkt. #41) is GRANTED.

2) Defendants' motion to dismiss or transfer venue (dkt #22) is GRANTED as provided above.

3) This case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

Entered this 28th day of November, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge